UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON,                    ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| vs.                                                                 ) | No. 1:16-cv-01021-TWP-MJD |
| ) | |
| BUTTS Superintendent,                                      ) | |
| ) | |
| Defendant.     ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.  Filing Fee**

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff still owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Dismissal of Complaint**

Plaintiff Christopher Washington, an inmate at Westville Correctional Facility, alleges that Superintendent Butts is liable to him for mental anguish because the Superintendent placed the plaintiff in segregation for 45 days after he was wrongly accused of assaulting an officer. He also lost 90 days of good credit time as a result of this disciplinary proceeding. These circumstances all occurred at New Castle Correctional Facility.

Because Washington is a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any

claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Any federal claims in this action are necessarily brought pursuant to 42 U.S.C. § 1983. The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997). In this case, any Eighth Amendment claim fails because Washington does not allege that the conditions of his confinement in segregation resulted in a deprivation sufficiently serious to constitute "'the denial of the minimal civilized measure of life's necessities.'" *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

As to any Fourteenth Amendment due process claim, there is no allegation that the conditions of the 60-day confinement in segregation constituted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *see also Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (no federally protected liberty interest in avoiding fabricated disciplinary conviction resulting in 60 days of segregation). Thus, no viable federal claim has been identified.

The complaint is further deficient because of the remedies sought. The plaintiff is not eligible for compensation for mental injuries. The Prisoner Litigation Reform Act ("PLRA") provides "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In addition, to the extent that a disciplinary proceeding resulted in the deprivation of earned good time the plaintiff's claims must be dismissed. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

State law claims are referenced, but this Court may not exercise supplemental jurisdiction when there is no other basis for federal jurisdiction. Thus, any state law claims are dismissed for lack of jurisdiction.

Because the Court has been unable to identify a viable federal claim for relief against the defendant, the complaint is subject to dismissal.

### III. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through June 20, 2016,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended

complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be dismissed for the reasons set forth above.

**IT IS SO ORDERED.**

Date:  5/19/2016

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

CHRISTOPHER E. WASHINGTON
161505
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391