UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON,           )<br>                                                                  )<br>                        Plaintiff,            )<br>                                                                  )<br>           vs.                                                  )<br>                                                                  )<br>BUTTS Superintendent,                         )<br>                                                                  )<br>                        Defendant.        ) | No. 1:16-cv-01021-TWP-MJD |

**Entry Discussing Amended Complaint and Directing Entry of Final Judgment**

On May 19, 2016, the original complaint brought by plaintiff Christopher Washington was dismissed pursuant to 28 U.S.C. § 1915A because the Court was unable to identify a viable federal claim for relief. Instead of entering final judgment, Washington was given the opportunity to file an amended complaint which corrected the deficiencies noted in the Entry of May 19, 2016. Now before the Court is Washington's amended complaint. (Dkt. 7.)

The amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must actually suggest that the plaintiff has a

right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

The content of Washington's amended complaint is nearly identical to that of the original complaint. Specifically, Washington once again alleges violations of Indiana law. Specifically, he asserts violations of Indiana Code §11-8-4-8 when he was wrongfully placed in segregation for allegedly assaulting a correction officer. The amended complaint does not add any additional factual allegations which suggest a viable federal claim has been raised. Accordingly, the amended complaint is dismissed for the same reasons set forth in the Entry of May 19, 2016. The amended complaint is **dismissed** pursuant to 28 U.S.C. § 1915A.

The plaintiff's motion for summary judgment [dkt. 9] is **denied** given the dismissal of this action. He has not shown that he has alleged a plausible federal claim for relief or that he is entitled to judgment as a matter of law.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  7/18/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CHRISTOPHER E. WASHINGTON
161505
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391